ed by 9th Cir. R. 36–3.

**Ali Mohammed Moqbel AL DHANEBI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney, General, Respondent.**

Nos. 05–74866, 05–77120.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elias Z. Shamieh, Esq., Law Offices of Shamiyeh & Shamieh, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Ali Mohammed Moqbel Al Dhanebi, a native and citizen of Yemen, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") (No. 05–74866), and the BIA's order denying Al Dhanebi's motion to reopen proceedings

(No. 05–77120). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding, *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002), and the factual findings underlying the denial of withholding, *Ramos–Vasquez v. INS,* 57 F.3d 857, 861 (9th Cir.1995), and CAT protection, *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir. 2003). We review the denial of a motion to reopen for abuse of discretion. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005).

We lack jurisdiction to review the agency's determination that Al Dhanebi failed to establish extraordinary or changed circumstances to excuse the late filing of his asylum application and failed to show that he filed the application within a reasonable period after such circumstances, because the underlying facts are disputed. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007) (no jurisdiction under REAL ID Act of 2005 when underlying facts are disputed).

█ The IJ's finding that the Yemeni government would attempt to protect Al Dhanebi if he returned to Yemen is supported by substantial evidence. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir.2005) (holding record did not compel the conclusion that the government was unable or unwilling to control the alleged persecutors where the police took reports and investigated, but were unable to solve the crimes). The record indicates that the police investigated the March 2002 confrontation, attempted to find the Al Hashdi family members involved, took statements from witnesses, and that Al Dhanebi's brother reported the Al Hashdis' attempts to the police.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The adverse credibility finding, based on inconsistencies between Al Dhanebi's testimony and application, is also supported by substantial evidence. *See Li v. Ashcroft,* 378 F.3d 959, 962–64 (9th Cir.2004). Because we uphold the credibility finding on this ground, we do not reach whether it was proper for the IJ to rely upon the Special Registration statement for credibility purposes.

Because of the government protection and credibility findings, substantial evidence supports the denial of withholding of removal and CAT protection. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

The BIA did not abuse its discretion in denying Al Dhanebi's motion to reopen to adjust status based on his marriage to a U.S. citizen during removal proceedings where Al Dhanebi did not submit "clear and convincing" evidence that his marriage is bona fide. *See Malhi v. INS,* 336 F.3d 989, 994 (9th Cir.2003) (upholding denial of motion to reopen to adjust status where movant failed to submit sufficient documents to satisfy regulatory requirements); 8 C.F.R. § 204.2(a)(1)(iii)(B).

**PETITIONS FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.